IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:22cv546-MHT |
| | ) | (WO) |
| $20,000.00 IN UNITED | ) | |
| STATES CURRENCY, | ) | |
| | ) | |
| Defendant. | ) | |

<u>DEFAULT JUDGMENT AND DECREE OF FORFEITURE</u>

Before the court is plaintiff United States's
motion for default judgment and decree of forfeiture as
to defendant $ 20,000.00 in United States currency
(Doc. 12). The court has considered the motion and
finds the following facts.

On September 13, 2022, plaintiff filed a complaint
(Doc. 1) alleging that the defendant is subject to
forfeiture pursuant to 21 U.S.C. § 881(a)(6) and 18
U.S.C. § 981(a)(1)(C), which provide for the seizure
and forfeiture of all moneys, negotiable instruments,
securities, or other things of value furnished, or

intended to be furnished, by any person in exchange for a controlled substance or listed chemical; all proceeds traceable to such an exchange; all moneys, negotiable instruments, and securities used or intended to be used to facilitate the commission of the offenses; any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses; and any property, real or personal, used to facilitate violations of 21 U.S.C. § 841.

Pursuant to a warrant of arrest *in rem* issued by the clerk of court on September 14, 2022 (Doc. 3), the defendant was served on October 3, 2022. *See* Acknowledgement of Service (Doc. 4).

On October 25, 2022, Ivonne Deleon, who had filed an administrative claim to the defendant, was personally served with copies of the notice of complaint for forfeiture against personal property, verified complaint for forfeiture *in rem*, and warrant of arrest *in rem*. *See* Acknowledgement of Service (Doc

5).

Notice of this civil forfeiture action against the defendant was published for 30 consecutive days on an official Government internet site (www.forfeiture.gov), as evidenced by the declaration of publication  filed with this court on November 16, 2022 (Doc. 6).

On December 19, 2022, the clerk of court entered default against Ivonne Deleon and all other persons and entities having an interest in the defendant pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, for failure to timely defend as required by law. *See* Entry of Default (Doc. 11).

This court has subject-matter jurisdiction over this case.  A district court has original jurisdiction over civil cases brought by the United States, pursuant to 28 U.S.C. § 1345, and in forfeiture actions, pursuant to 28 U.S.C. § 1355.  A forfeiture action may also be brought in a district where any of the acts or omissions giving rise to the forfeiture occurred.  The

3

United States is the plaintiff in this civil forfeiture action and the acts giving rise to this action occurred in the Middle District of Alabama.

As plaintiff established in its application and request to the clerk of court to enter default (Doc. 10), the requirements for proper notice set forth in Supplemental Rule G were fully satisfied.

Pursuant to Supplemental Rule G(5)(a) & (b), any claimant to the defendant currency was required to file a claim no later than 35 days after the written notice was sent, or 60 days after the first publication of notice on the official government website. The time period to contest the forfeiture of the defendant has expired and no extensions to these time periods have been requested, consented to, or granted by this court. No person or entity has filed either a claim or an answer to the verified complaint, and the time to do so has expired.

The factual allegations set forth in the verified

**4**

complaint show that the defendant currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(C), which provide for the seizure and forfeiture of all moneys, negotiable instruments, securities, or other things of value furnished, or intended to be furnished, by any person in exchange for a controlled substance or listed chemical; all proceeds traceable to such an exchange; all moneys, negotiable instruments, and securities used or intended to be used to facilitate the commission of the offenses; any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses; and any property, real or personal, used to facilitate violations of 21 U.S.C. § 841.

The factual allegations of the verified complaint are not only verified by Drug Enforcement Administration Task Force Officer Michael T. Mims, but they are also undisputed. *See* Verified Complaint (Doc. 1) at 7. Consequently, hearings are not necessary to

enter or effectuate the default judgment. *See* Fed. R. Civ. P. 55(b)(2).

Plaintiff has shown that (a) the parties that have an interest in the defendant property are in default; (b) default judgment is procedurally warranted; and (c) it has sufficiently pled its basis for entry of default judgment.

***

Accordingly, based on the foregoing, the evidence in the record, and for good cause shown, it is ORDERED andd ADJUDGED that the motion for default judgment and motion for decree of forfeiture (Doc. 12) are granted as follows:

1. Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, default judgment is hereby entered in favor of plaintiff the United States and against defendant $ 20,000.00 in United States currency.

2. All right, title, and interest in defendant $20,000.00 in United States currency is hereby

6

forfeited to and vested in plaintiff the United States, which shall have clear title to this property, may warrant good title to any subsequent transferee, and shall dispose of the property in accordance with the law.

3.   The United States District Court shall retain jurisdiction in this case for the purpose of enforcing this Order.

4.   The clerk of the court shall forward a certified copy of this order to the United States Attorney's Office.

It is further ORDERED that this case is closed.

DONE, this the 27th day of December, 2022.

    /s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**